IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

COREY M. CAMPANA,

                Plaintiff,

   v.

JOAN KOVAL, AMANDA SCHWENSEN,
DAMIELLE POLLOCK, HEATHER EGAN,
OFFICER BURG, and JOHN/JANE DOES,[1]

                Defendants.

OPINION and ORDER

24-cv-730-wmc

---

Plaintiff Corey Campana, who is representing himself while incarcerated at Jackson Correctional Institute, has filed an amended complaint claiming that various correctional staff at the Trempealeau County Jail violated his rights under the First Amendment and the Due Process Clause of the Fourteenth Amendment while he was housed at the jail as a pretrial detainee in Fall 2024. (Dkt. #12.) This court must screen and dismiss any claim brought by plaintiff that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915(e) and 1915A. When screening a complaint drafted by a non-lawyer like plaintiff, the court applies a less stringent standard. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Although the court accepts the allegations in the complaint as true, plaintiff must allege enough facts to show that he is plausibly entitled to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). However, because plaintiff's complaint contains multiple claims about separate incidents involving unrelated defendants, it does not comply

---

[1] The court has revised the caption to reflect the correct spelling of some of the defendants' names.

with the requirements of Federal Rule of Civil Procedure 20. Therefore, to avoid dismissal of this lawsuit, plaintiff will need to submit a second amended complaint that brings just one lawsuit and corrects the deficiencies identified below.

OPINION

Plaintiff Corey Campana is currently incarcerated at Jackson Correctional Institute, but all of the alleged events in this lawsuit occurred while he was a pretrial detainee at the Trempealeau County Jail, where defendants are employed: Joan Koval as the jail captain; Amanda Schwensen and Heather Egan as sergeants; and Danielle Pollock, Burg, and John/Jane Doe 1-6 as correctional officers. Plaintiff identifies seven separate incidents in which jail staff allegedly violated his constitutional rights, but he gives little detail about these incidents:

1. Between September 8 and October 6, 2024, Koval denied plaintiff the ability to shave or use fingernail clippers without first providing him with a due process hearing.

2. After plaintiff began "filing grievances and making mentions of filing this case" on October 6, 2024, Pollock retaliated against him by writing him a false conduct report about refusing to return his food tray, which was the staff's job. (Dkt. #1, at 3.) Egan imposed a penalty of three days in segregation without granting plaintiff a hearing or the ability to call witnesses. Koval and Schwensen denied plaintiff's grievances about the false conduct report and punishment.

3. John/Jane Doe #5 arbitrarily strip-searched plaintiff on April 29, 2024.

4. On October 15, 2024, Schwensen issued plaintiff a false conduct report for having a pencil, even though she knew that Koval had approved plaintiff having a pencil to do legal work and allowed other pretrial detainees to have one. Koval denied plaintiff's subsequent grievance. Plaintiff alleges that Schwensen and Koval took these actions in retaliation for plaintiff's prior grievances.

5. On October 15, 2024, John/Jane Doe #6 opened plaintiff's legal mail and did not deliver it to plaintiff, who missed a legal deadline.

      6. On October 28, 2024, Burg opened plaintiff's legal mail and made a copy.

      7. Also on October 28, 2024, an unidentified staff member gave plaintiff his regular mail without providing the return address for plaintiff to respond. Schwensen denied plaintiff's grievance about this incident.

Plaintiff's allegations violate Federal Rule of Civil Procedure 20, which prevents defendants from being joined together in one lawsuit unless the claims asserted against them arise out of the same occurrence or series of occurrences. Plaintiff's complaint contains at least three separate series of events involving: (1) Koval denying plaintiff the ability to shave and cut his fingernails, about which he complained and then was issued two, false conduct reports by Pollock and Schwensen and punished by Egan with three days in segregation, all in retaliation for filing the grievances; (2) a strip search by an unidentified officer in April 2024; and (3) the opening of plaintiff's legal mail and removal of a piece of regular mail by Burg and other unidentified officers in October 2024.

Under Rule 20, plaintiff may bring only one set of these claims in this lawsuit. Therefore, the court will give plaintiff a short time to respond to this order by explaining which of these claims he wishes to pursue under this case number. After he has informed the court of his choice, the court will treat the portion of his complaint pertaining to those claims as the operative pleading and screen the set of claims that he has chosen. If plaintiff also wishes to proceed on other sets of claims, he should inform the court of that fact, and the clerk of court will open a new case for each separate set of allegations. However, plaintiff will owe another filing fee for each new case that is opened.

ORDER

IT IS ORDERED that the complaint filed by plaintiff Corey Campana is DISMISSED without prejudice for failure to satisfy the requirements of Federal Rule of Civil Procedure 20. Plaintiff has until **June 30, 2025,** to respond to this order as directed in the opinion above. Plaintiff's failure to respond by that deadline will cause the court to dismiss his claims with prejudice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

Entered this 11th day of June, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge