IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

COREY M. CAMPANA,

      Plaintiff,

v.

JOAN KOVAL, AMANDA SCHWENSEN,
DAMIELLE POLLOCK, HEATHER EGAN,
OFFICER BURG, and JOHN/JANE DOES,

      Defendants.

OPINION and ORDER

24-cv-730-wmc

---

  While incarcerated at St. Croix Correctional Center, plaintiff Corey Campana filed this *pro se* lawsuit complaining about his treatment by correctional staff as a pretrial detainee at the Trempealeau County Jail in Fall 2024. (Dkt. ##1 and 12.) In a previous order, the court dismissed plaintiff's amended complaint because his allegations omitted important details and joined unrelated claims and defendants in violation of Federal Rules of Civil Procedure 8 and 20. (Dkt. #14.) Specifically, plaintiff identified at least three, separate series of events involving: (1) Joan Koval denying plaintiff the ability to cut his fingernails and shave, about which he complained, then was issued two, false conduct reports by Damielle Pollock and Amanda Schwensen and punished by Heather Egan with three days in segregation for filing grievances; (2) a strip search by an unidentified officer in April 2024; and (3) the opening of plaintiff's legal mail and removal of a piece of regular mail by Officer Burg and other unidentified officers in October 2024. Nevertheless, the court gave plaintiff the opportunity to file an amended complaint that complies with Rules 8 and 20 by identifying which of these claims he wishes to pursue under this case number.

Now in a proposed amended complaint, plaintiff appears to dismiss Burg and John and Jane Does as defendants and focus on the first of the three events identified above regarding alleged retaliation and denial of due process committed by defendants Koval, Schwensen, Pollock, and Egan. (Dkt. #15.) After screening the second amended complaint under the standards discussed in its previous order, however, the court concludes that even this claim must still be dismissed for failure to state a claim upon which relief may be granted.

## ALLEGATIONS OF FACT[1]

All of the alleged events in this lawsuit occurred in 2024 at the Trempealeau County Jail, where plaintiff Corey Campana was a pretrial detainee and defendants are employed. Specifically, defendants are employed as follows: Joan Koval as the jail captain; Amanda Schwensen and Heather Egan as sergeants; and Danielle Pollock as a correctional officer. More specifically, between September 8 and October 6, 2024, Captain Koval allegedly punished plaintiff by denying him the ability to shave or use fingernail clippers. This punishment was allegedly arbitrary, not inflicted on the convicted inmates, and imposed without allowing plaintiff a due process hearing or the opportunity to call witnesses in his defense.

On October 6, 2024, plaintiff also began filing grievances and threatening to file a federal lawsuit. Retaliating for these filings, defendant Pollock filed a false conduct report for refusing to return his food tray, which was the staff's job. Moreover, defendant Egan punished plaintiff by locking him in his cell for three days without first holding a hearing or allowing

---

[1] Unless otherwise indicated, the allegations of fact in plaintiff's second amended complaint (dkt. #15) are taken as true for purposes of screening.

plaintiff to call witnesses in defense. Finally, defendants Koval and Schwensen denied plaintiff's grievances about the filing of a false conduct report and punishment.

On October 15, 2024, defendant Schwensen also allegedly both took away plaintiff's pencil *and* issued him a false conduct report for having a pencil, even though she knew that Koval had approved plaintiff having a pencil to do legal work and allowed other pretrial detainees to do the same. While defendant Koval denied plaintiff's subsequent grievance alleging that Schwensen and Koval took these actions in retaliation for plaintiff's prior grievances to arbitrarily harass plaintiff, who had an upcoming jury trial and motions deadlines.

OPINION

Plaintiff claims that defendants' false conduct reports and punishments that defendants issued against him violated his procedural due process under the Fourteenth Amendment and constituted retaliation in violation of the First Amendment. In addition, plaintiff alleges that being deprived of writing instruments violated his Sixth Amendment right to access the courts. Even so, however, the court finds that plaintiff's allegations are insufficient to state a claim under any of these Amendments for the set forth reasons below.

*First*, a false disciplinary action does not by itself state a procedural due process claim. *Ramirez v. Wisconsin, Dane Cnty.*, No. 20-cv-1027-wmc, 2023 WL 3309827, at *6 (W.D. Wis. Mar. 13, 2023). Instead, to state a procedural due process claim, plaintiff must allege that he: (1) has a cognizable property or liberty interest; (2) has suffered a deprivation of that interest; and (3) was denied due process. *Khan v. Blanscreend*, 630 F.3d 519, 527 (7th Cir. 2010). However, plaintiff's allegations in this case fail to satisfy even the first requirement because, whether collectively or by themselves, cell confinement for three days, the taking of a pencil,

3

and the denial of the ability to shave and use fingernail clippers for almost a month are *not* the types of cognizable property or deprivations that trigger due process protections. *See Ealy v. Watson*, 109 F.4th 958, 964 (7th Cir. 2024) ("[F]ive months in segregation, standing alone, is not enough to implicate a liberty interest that triggers due process rights."); *Smith v. Akpore*, 689 F. App'x 458, 460 (7th Cir. 2017) ("Prisoners generally do not have a liberty interest in avoiding brief periods of segregation, whether administrative or disciplinary."); *Cordova v. Frank*, No. 05-cv-487, 2005 WL 2206791, at *6 (W.D. Wis. Sept. 12, 2005) (deprivation of inmate's colored pencils and other personal property, for which inmate has remedies under state replevin and tort law, does not constitute due process violation); *Lee v. Washington*, No. 97-cv-4710, 1999 WL 759609, at *6 (N.D. Ill. Aug. 31, 1999) (denial of personal hygiene items such as soap, toothpaste and deodorant for two weeks does not rise to the level of a constitutional violation). Thus, while the conditions plaintiff describes are unfortunately all too typical at prisons, they are not collectively or separately so extraordinary or unduly restrictive as to implicate due process protections. *See Sandin v. Conner*, 515 U.S. 472, 486 (1995).

*Second*, prisoners have a right to "meaningful" access to the courts, which includes the right to have "basic scribe materials," such as paper and writing utensils. *Gentry v. Duckworth*, 65 F.3d 555, 558 (7th Cir. 1995); *see also Christopher v. Harbury*, 536 U.S. 403, 414-15 (2002); *Lewis v. Casey*, 518 U.S. 343, 349 (1996). However, to state a claim for denial of access to the courts, a plaintiff must allege that "he was, or is, suffering an 'actual injury' by being 'frustrated' or 'impeded' in bringing a non-frivolous claim regarding his criminal conviction, sentence or conditions of confinement." *DeBauche v. Wisconsin Dep't of Corr.*, No. 17-cv-454-wmc, 2021 WL 2860983, at *3 (W.D. Wis. July 8, 2021) (citing *Lewis*, 518 U.S. at 353-55). In addition,

4

the injury must be a specific hinderance related to a lawsuit, *Owens v. Evans*, 878 F.3d 559, 565 (7th Cir. 2017), and cannot be a speculative, future harm, *Marshall v. Knight*, 445 F.3d 965, 969-70 (7th Cir. 2006).  Here, plaintiff's vague allegations that he had "upcoming jury trial and motions deadlines" do not, at least alone, support a reasonable claim that defendants' sanctions frustrated or impeded his effort to bring a non-frivolous claim regarding a criminal conviction, sentence, or condition of confinement.

*Third*, and finally, to state a First Amendment retaliation claim, plaintiff must allege that: (1) he engaged in activity protected by the First Amendment; (2) defendants took actions that would deter a person of "ordinary firmness" from engaging in the protected activity; and (3) the First Amendment activity was at least a "motivating factor" in the defendants' decision to take those actions. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009).  Here, plaintiff's amended complaint alleges that defendants retaliated against him for filing grievances against them, which is a protected activity, but defendants' alleged retaliatory actions -- locking him in his cell for three days, taking away his pencil, and issuing false conduct reports against him that did *not* result in any additional type of punishment -- are again insufficient to deter a person of ordinary firmness from continuing with his protected activity. *See Maus v. Boughton*, No. 22-CV-141-JDP, 2022 WL 1288445, at *3 (W.D. Wis. Apr. 29, 2022) (eight days of cell confinement not enough to deter a person of ordinary firmness).  In fact, plaintiff's own allegations suggest that he was not deterred, given his allegations that he filed *additional grievances* after this allegedly retaliatory behavior.

Absent a viable claim, plaintiff's complaint must be dismissed under 28 U.S.C. § 1915A(b).  Because the Seventh Circuit has cautioned against dismissing an unrepresented plaintiff's case without giving the plaintiff a chance to amend the complaint, *Felton v. City of*

5

*Chicago*, 827 F.3d 632, 636 (7th Cir. 2016), the amended complaint will be dismissed without prejudice to plaintiff filing a second amended complaint addressing the defects identified above within 30 days, should he wish to do so.

ORDER

IT IS ORDERED that plaintiff Corey Campana's second amended complaint (dkt. #15) is DISMISSED without prejudice to plaintiff's filing an amended complaint no later than January 12, 2026.  If plaintiff does not file an amended complaint within the time allowed, this case will be dismissed with prejudice under 28 U.S.C. § 1915A(b), for failure to state a claim upon which relief may be granted.

Entered this 10th day of December, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge